IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael J. Young, Jr., <br><br> Petitioner, <br><br> v. <br><br> Warden Brian Kendall, <br><br> Respondent. | C/A No. 9:24-cv-00236-JFA <br><br><br> **ORDER AND OPINION** |

Michael J. Young, Jr. ("Petitioner"), proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 28). For the reasons below, the court grants Respondent's Motion and dismisses the Petition.

### I. RELEVANT BACKGROUND

Petitioner is currently confined in the South Carolina Department of Corrections. (ECF No. 27 at 1). In October 2007, a Lexington County Grand Jury indicted Petitioner for murder, assault and battery with intent to kill ("ABWIK"), and possession of a weapon during the commission of a violent crime. (ECF No. 27-1 at 65–73). Prior to these charges, Petitioner had been charged with stalking, three counts of stealing dogs, harassment, and forgery. (*Id.* at 20).

On April 11, 2011, Petitioner appeared before the state circuit court and pled guilty to murder and ABWIK. Attorney John D. Delgado represented Petitioner. The weapons charge and the other pending charges were dismissed as part of the plea. The circuit court judge accepted the plea, finding it was entered freely, voluntarily, and intelligently, and sentenced Petitioner to a term of imprisonment of fifty years for murder and twenty years for ABWIK to be served concurrently.

1

(ECF No. 27-1 at 3–41 (Guilty Plea Transcript), 76–160 (PCR Hearing Transcript)). Petitioner filed a timely appeal which was dismissed by the South Carolina Court of Appeals.

On November 21, 2012, Petitioner filed his first application for post-conviction relief ("PCR") in state court. (ECF No. 27-1 at 42–50, 197). On November 9, 2018, the circuit court (the "PCR Court") held an evidentiary hearing, where attorney Robert Mills ("PCR Counsel") represented Petitioner. (*Id.* at 76–160). On December 5, 2018, the PCR Court issued an order denying relief and dismissing the application with prejudice. (*Id.* at 161–83).

On December 20, 2018, PCR Counsel filed a motion to alter judgment pursuant to Rule 59(e), SCRCP, which was denied on January 29, 2019. (ECF No. 27-1 at 161). Unfortunately, Petitioner's PCR Counsel died on February 16, 2019. Thereafter, the South Carolina Supreme Court entered an order on February 27, 2019, appointing Peyre Lumpkin as receiver (the "Receiver") of PCR Counsel's files. (*See id.* at 212). In June 2019, the State sent the Receiver copies of the PCR Court's order of dismissal and the order denying the Rule 59(e) motion. (*See id.*).

On January 23, 2020, Petitioner (through attorney Elizabeth Franklin-Best) filed a motion in the South Carolina Supreme Court seeking to appeal the dismissal of his first PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).[1] (ECF No. 27-1 at 196–98). In the motion, Petitioner asserted that, as a result of his PCR Counsel passing away, Petitioner did not timely discover his Rule 59(e) motion had been denied by the PCR Court. (*Id.* at 198). He further contended he did not knowingly and voluntarily waive his right to appeal the order dismissing his first PCR application. (*Id.*). On January 29, 2020, the Supreme Court issued an order dismissing

---

[1] In *Austin*, the South Carolina Supreme Court allowed a petitioner to file a late appeal of the denial of his PCR, where the failure to timely file the appeal was the result of the action or inaction of his attorney. 409 S.E.2d 395 at 396.

2

the action without prejudice to allow Petitioner to seek *Austin* relief by filing for PCR in the circuit court. (*See id.* at 212).

Thereafter, on June 15, 2020, Petitioner filed a second PCR application in the circuit court seeking a belated appellate review of the denial of his first PCR application. (ECF No. 27-1 at 186). On January 24, 2022, the circuit court issued a consent order granting Petitioner an *Austin* appeal of the denial of his first PCR action. (*Id.* at 211–12). On September 26, 2023, the South Carolina Court of Appeals entered an order granting the petition for *Austin* review of the denial of his first PCR application but denying certiorari in the *Austin* appeal. (ECF No. 27-8 at 1).

Petitioner filed the instant Petition for writ of habeas corpus on January 4, 2024. (ECF Nos. 1, 1-2); *see Houston v. Lack*, 487 U.S. 266 (1988) (a prisoner's pleading is filed upon delivery to prison authorities for forwarding to the court). Petitioner asserts ineffective assistance of trial/plea counsel as the basis for his Petition. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Respondent filed the Motion for Summary Judgment and Memorandum in Support on August 16, 2024. (ECF Nos. 27, 28). Respondent argues that summary judgment is appropriate for two alternative reasons: (1) the Petition is untimely because it was filed past the applicable statute of limitations deadline; and (2) the sole ground raised in the Petition fails on the merits. (ECF No. 27).

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No 31). Pursuant to the *Roseboro* Order, Petitioner's Response was due on September 20, 2024. (*Id.*). Petitioner requested, and the Magistrate Judge granted, three extensions of the deadline for him to file a Response. (*See* ECF Nos. 33, 35, 38, 39, 41, 42). Petitioner's ultimate deadline to file a Response

was January 6, 2025. (ECF No. 42). After the final deadline passed, the Magistrate Judge issued a Report and Recommendation (the "Report") on January 29, 2025, recommending this court grant Respondent's Motion for Summary Judgment. (ECF No. 44).

On February 10, 2025, after the Magistrate Judge issued the Report, the court received Petitioner's Response to Respondent's Motion for Summary Judgment. (ECF No. 47). The postage stamp on the Response was dated January 15, 2025, but Petitioner signed and dated the filing January 6, 2025. (*Id.* at 11). Under Federal Rule of Civil Procedure 6(d), when a party must act within a specified time after being served, and service is made by mail, the party has an additional three days to act, extending Petitioner's deadline to January 9, 2025. Additionally, because Petitioner is proceeding *pro se*, his submission is considered filed on the day he tendered it to prison officials for mailing to the court. *Houston*, 487 U.S. at 276. Accordingly, the court will consider Petitioner's Response as timely filed based on the signature date. Because the Response had not been received when the Report was issued, the Magistrate Judge did not consider Petitioner's arguments. Thus, the court will review the Motion for Summary Judgment, Petitioner's Response, and the Government's Reply (ECF No 49) in their entirety and conduct its own analysis.[2]

## II.     LEGAL STANDARD

**A.     Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that

---

[2] Petitioner also filed objections to the Report (ECF No. 50), as well as a Motion to Stay or Reconsider the Report (ECF No. 51). Consideration of these filings is unnecessary because the court bases its findings on its independent analysis on the Motion for Summary Judgment filings.

4

"might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**B.     Federal Habeas Review under 28 U.S.C. § 2254**

The scope of a federal court's review of a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is "highly constrained." *Lawrence v. Branker*, 517 F.3d 700, 707 (4th Cir. 2008). The court cannot grant a § 2254 petition "with respect to any claim adjudicated on the merits in state court" unless the state court decision was "either contrary to, or an unreasonable application of, clearly established federal law as determined by the [United States] Supreme Court," *id.* (citing 28 U.S.C. § 2254(d)(1)), or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Richey v. Cartledge*, 653 F. App'x 178, 184 (4th Cir. 2016) (citing 28 U.S.C. § 2254(d)). The court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Lawrence*, 517 F.3d 700 at 707 (citing 28 U.S.C. § 2254(e)(1)).

A petition for habeas corpus must be filed within one year of the latest of several triggering dates provided by the statute. 28 U.S.C. § 2244(d)(1). The most common triggering date, and the date relevant here, is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The limitations period for § 2254 petitions is statutorily tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191 (2006).

### III.     DISCUSSION

Respondent initially argues that the Petition is untimely under the applicable one-year statutory deadline. The court agrees. Under § 2244(d), the State bears the burden of asserting the statute of limitations as an affirmative defense. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner has not met this burden.

Because Petitioner filed a direct appeal, his conviction became final on February 25, 2012, fifteen days after the Court of Appeals dismissed his direct appeal.[3] *See* Rules 221(a) & 242(c), SCACR. Petitioner filed his first PCR application on November 21, 2012. (*See* ECF No. 27-1 at 42). Thus, 268 days had elapsed for purposes of the statute of limitations, and Petitioner still had 97 days within which to timely file a federal habeas petition. The statute of limitations was

---

[3] Because Petitioner did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of ninety days in which to seek certiorari review from the United States Supreme Court.

suspended on November 21, 2012, and continued to be tolled while Petitioner's first PCR action was pending in state court.

The PCR Court issued the order of dismissal on December 5, 2018. (ECF No. 27-1 at 161). Petitioner, through PCR Counsel, timely filed a motion to alter or amend pursuant to Rule 59(e), SCRCP, which the PCR Court denied on January 29, 2019. (*See* ECF No. 27-1 at 205). The State served the formal order denying the Rule 59(e) motion on February 5, 2019; however, Petitioner's PCR Counsel died on February 16, 2019. The South Carolina Supreme Court appointed the Receiver on February 27, 2019. And the State subsequently served the order denying Petitioner's Rule 59(e) motion on the Receiver on June 20, 2019. The Government contends service on the Receiver restarted the time period for the statute of limitations and, accordingly, the one-year period expired sometime in September of 2019.

In his Response to Respondent's Motion for Summary Judgment, however, Plaintiff contends that the limitations period is subject to equitable tolling. (ECF No. 47 at 3). Equitable tolling is appropriate in rare circumstances where petitioner can show that (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from doing so within the limitations period. *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014). Equitable tolling is available only in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 184 (quoting *Rouse*, 339 F.3d at 246). Even with the benefit of equitable tolling in this matter, however, the Petition is untimely.

Petitioner contends he was unable to file within the one-year statute of limitations because his PCR Counsel died before advising him that the PCR was dismissed, and before filing an appeal or advising Petitioner of the available appeal options. (ECF No. 1 at 15). He also argues that he

7

"has always acted with diligence in seeking review[,]" that any delay "was attributed to cumulative matters out of his hands" including mail time, waiting for PCR forms and notary services, lack of access to the law library, and correspondence from the courts. (ECF Nos. 47 at 3, 47-1 at 2–4). Petitioner contends that he did not learn about the passing of his PCR Counsel and the dismissal of his PCR action until December 2019 or January 2020. Upon learning of this, Petitioner states his family immediately contacted his second PCR counsel, Attorney Best, who quickly filed a motion in the South Carolina Supreme Court to be allowed to file a belated appeal of the denial of his first PCR action. In the motion, Attorney Best stated she had confirmed with the Receiver's office that it did not notify Petitioner PCR Counsel's death because it deemed the matter closed. (ECF No. 27-1 at 198).

Under these circumstances, the death of Petitioner's initial PCR Counsel and failure of the Receiver to notify Petitioner of the denial of his Rule 59(e) motion could serve as a basis for equitable tolling. Even so, the Petition is untimely. Again, when Petitioner filed his first PCR appeal, he had 97 days in which to timely file a federal habeas petition. In response to the motion filed by Attorney Best, the South Carolina Supreme Court issued its order dismissing the action without prejudice on January 29, 2020. Petitioner did not file the second PCR application in state circuit court until June 15, 2020. (ECF No. 27-1 at 186). This application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A).

The fact that Petitioner was granted a belated PCR appeal does not entitle him to toll the time between the PCR actions. *See McHoney v. South Carolina*, 518 F. Supp. 2d 700, 705 (D.S.C. 2007) (finding that no collateral action was "pending," as defined by the AEDPA, during the time between the state court's initial denial of the PCR application and its allowance of a belated appeal

of that PCR application); *Hepburn v. Eagleton*, No. 6:11–cv–2016–RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012) (same); *see also Evans v. Chavis*, 546 U.S. 189, 192 (2006) ("[T]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (emphasis original); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.").

Between January 30 and June 15, 2020, approximately 137 days passed during which there was no pending collateral appeal and no basis for equitable tolling. Petitioner argues that equitable tolling should also be applied to this period because he "experienced numerous delays out of [his] control such as almost two months without law library access, mail delays (sending and receiving mail), requesting for and receiving PCR forms in the mail, and even notary service." (ECF No. 47-1 at 4). However, these issues do not amount to extraordinary circumstances to justify application of equitable tolling.

Accordingly, the statute of limitations period for the federal habeas petition expired during the time between the Supreme Court's January 29, 2020, order and the filing of Petitioner's second PCR application in state court in June 2020. Petitioner's second PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action. Because the petition is untimely under the AEDPA, Petitioner is barred from seeking federal habeas relief in this court.

## IV. CONCLUSION

For the reasons stated above, the court grants Respondent's Motion for Summary Judgment (ECF No. 28) and dismisses the Petition.[4] Petitioner's pending Motion to Stay or Reconsider is dismissed as moot (ECF No. 51).

Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability may issue if an applicant has made a substantial showing of the denial of a constitutional right. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

February 24, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] As stated above, the Magistrate Judge issued a Report on the present Motion. Because this Order is dispositive of this matter, the Report and Recommendation (ECF No. 44) is terminated as moot.